IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY DONELL LOVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:14-CV-621-MHT |
| ) | [WO] |
| ) | |
| AUTUMN LEANNE ALBRIGHT, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Larry Donell Love ["Love"], an indigent inmate presently confined at the Montgomery County Detention Facility. In this complaint, Love challenges the legal assistance provided to him by Autumn Lee Albright, the attorney initially appointed to represent him on a pending state criminal charge, during pre-trial matters. *Complaint - Doc. No. 1* at 3. Specifically, Love complains that Albright did not adequately represent him at his status hearings, failed to properly conduct discovery, improperly assessed the evidence against him and refused to provide him access to all discovery materials within her possession. *Id*. Love seeks intervention by this court in the state criminal proceedings to ensure his receipt of a fair trial. *Id*. at 4.

Upon thorough review of the complaint, the court concludes that this case is due to be summarily dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

## II.  DISCUSSION

### A.  Appointed Counsel

Love challenges the representation provided to him by Autumn Leanne Albright, his appointed attorney, during pre-trial proceedings before the Circuit Court of Montgomery County, Alabama.  An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the constitutional violation about which the plaintiff complains.  *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).  To state a viable claim for relief under § 1983, a plaintiff must assert "***both*** an alleged constitutional deprivation ... ***and*** that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'"  *American Manufacturers*, 526 U.S. at 50, 119 S.Ct. at 985 (emphasis in original).  An attorney who represents a defendant in criminal proceedings does not act under color of state law.  *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills*

---

[1] The court granted Love leave to proceed *in forma pauperis* in this case.  *Order of June 26, 2014 - Doc. No. 3*.  A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's complaint if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and ... are not subject to suit under section 1983."). Since the conduct about which Love complains was not committed by a person acting under color of state law, the claims asserted in the complaint against Autumn Leanne Albright are frivolous as they lack an arguable basis in law. *Neitzke*, 490 U.S. at 327. These claims are therefore due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### B. Pending Criminal Charge

Love seeks intervention by this court into criminal proceedings pending before the Circuit Court of Montgomery County, Alabama. Under the decision issued by the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. In this case, Love has an adequate remedy at law regarding any claims arising from the pending criminal charge because he may pursue these claims through the state court system in the on-going state criminal proceedings, on direct appeal or in a state post-conviction action. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Moreover, the plaintiff has

not alleged the existence of any special circumstance which creates a threat of irreparable harm.  The mere fact that Love must endure state criminal proceedings fails to demonstrate irreparable harm.  *Younger*, 401 U.S. at 45.  This court is therefore compelled to abstain from considering the merits of Love's claims which place into question the validity of the pending criminal charge and counsel's decisions regarding pre-trial matters with respect to issuance of subpoenas, provision of discovery and assessment of the State's evidence on the pending criminal charge as such claims are not cognizable in a 42 U.S.C. § 1983 action at this time.  *Id*. at 43-44.  Consequently, dismissal of these claims is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against Autumn Leanne Albright be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  The plaintiff's request for intervention by this court into the pending state criminal proceedings be DISMISSED without prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

3.  This case be dismissed prior to service of process.

It is further

ORDERED that **on or before July 24, 2014**, the parties may file objections to this

Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 10th day of July, 2014.

      /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE